the United States, giving cognizance to this court of "all causes where an alien sues for a tort only, in violation of the laws of nations, or a treaty of the United States." Judiciary Act, § 9 [1 Stat. 76]. It cannot be called a suit for a tort only, when the property, as well as damages for the supposed trespass, are sought for.

A variety of observations were made by the advocates for the libellants, on the general principles of government, the rights of sovereignty and neutrality, and the consequences flowing from an invasion of those rights, just in themselves, but not, in my opinion, necessary for me to determine upon. They will fall very properly under the notice of our government, when the subject is before them. I should very willingly relieve them from part of the burthens thrown upon them by the unhappy contests among other nations; but my views of the powers of this court forbid my interference.

I do therefore decree, order and adjudge, that the brigantine Fanny, her tackle, apparel, and furniture, and the goods, wares and merchandize, mentioned in the libel, be discharged from arrest, and the libel be dismissed, the plea to the jurisdiction being relevant.

## Case No. 9,896.

### The MOXY.

[See Case No. 9,894.]

MOYER (DIXON v.). See Case No. 3,931.

## Case No. 9,897.

### MOYNAHAN v. WILSON.

[2 Flip. 130; 6 Cent. Law J. 28; 5 Reporter, 329; 26 Pittsb. Leg. J. 16.] [1]

Circuit Court, E. D. Michigan. Dec. Term, 1877.

REMOVAL OF CAUSES—WAIVER—FRAUD IN PROCURING SERVICE OF PROCESS—REPLEVIN.

1. The act of filing in a state court a petition for the removal of a case to the circuit court of the United States is no waiver of a fraud in procuring service of process.

[Cited in Woolridge v. M'Kenna, 8 Fed. 657.]

2. Accordingly where property was fraudulently decoyed within the jurisdiction of a state court and seized upon a writ of replevin, and the defendant at once removed the case to a federal court and moved to set aside the service of the writ: Held, the motion did not come too late.

On motion to dismiss suit and for the return of property replevied. This was an action of replevin [by Matthew J. Moynahan against James Wilson] commenced in the circuit court for the county of Wayne, on the 7th day of November, 1877, and removed to this court on the 13th. Upon the same day a certified copy of the record was filed in this court, and a motion made to dismiss the suit upon the ground that the property replevied [viz. the racing-mare "Bay Sallie"] [2] was decoyed within the jurisdiction of the state court by a fraudulent device or trick of the plaintiff.

L. T. Griffin, for plaintiff.
M. E. Crofoot, for defendant.

BROWN, District Judge. Most of the statements contained in the affidavits read upon this motion relate to the merits of the controversy, and, therefore, have no bearing here. It appears that the plaintiff and one Demass, when in Indianapolis, made a bargain with one Gosnell, the then owner of the mare, to bring her here with the intention of matching her against a horse known as "Tom Hendricks" and that five hundred dollars were deposited in Gosnell's hands, either as security for the safe return of the mare, or as a personal loan from the plaintiff. Gosnell claims that the agreement was to be cancelled if, in the mean time, he could sell the mare, and that he did sell her to Wilson with the consent of all parties, the money being returned to Demass. On the other hand, it is claimed by the plaintiff that he was to have the use of her for a year, to race her as he liked, and to divide the profits with Gosnell; that he knew nothing of the sale to Wilson, and that Demass received back the $500 after plaintiff had left Indianapolis, and without authority from him. All this is immaterial to the present controversy; so likewise are the affidavits with respect to the value of the mare, and to the propriety of driving her in harness. I am satisfied she is worth more than five hundred dollars, and consequently that the court has jurisdiction.

On Demass returning to Detroit, plaintiff, finding his agreement had fallen through, and that the mare had been sold to Wilson, the defendant, and had passed into his possession, wrote defendant the following letter: "I am very sorry that you took 'Bay Sallie' away from Demass, as I have made a match against Hendricks to pace next week for five hundred dollars a side; the money is up, and as John (Demass) says you would bring the mare if matched, please ship her at once to Detroit, as there will be a great betting race. Don't fail to send her; if you don't send her, I lose the money that is now up, so don't fail." To Gosnell he wrote a similar letter adding, "Write or telegraph me when she will be here, as we have not fixed the day to pace until I hear from you." Supposing that statement to be true, defendant at once shipped the mare to Detroit in charge of an hostler, and on arriving here, plaintiff took possession of her, paid for her transportation and sent her to a stable; he then took the advice of counsel and, acting upon such advice, re-

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 5 Reporter, 329, and 26 Pittsb. Leg. J. 16, contain only partial reports.]

[2] [From 6 Cent. Law J. 28.]